# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRENDAN JAMES NASBY, | Case No.: 3:20-cv-00231-RFB-CSD |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | |
| STATE OF NEVADA, et al., | Re: ECF Nos. 23/24 |
| Defendants | |

This Report and Recommendation is made to the Honorable Richard F. Boulware, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Emergency Motion for Injunctive Relief and/or TRO. (ECF Nos. 23, 24.) Defendants filed a response. (ECF No. 28.)[1] Plaintiff did not file a reply.

After a thorough review, it is recommended that Plaintiff's motion be denied.

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. The court screened Plaintiff's complaint and allowed him to proceed with a Fourteenth Amendment due process claim against defendants Jackie Crawford, D. Tristan, E.K. McDaniel, Renee Baker, Tara Carpenter, and D. Nevens. This claim is based on allegations that as a result of an incident that took place on September 23, 2004, Plaintiff pled guilty to assault at a disciplinary hearing and was ordered to pay restitution for his medical bills. Plaintiff regularly had deductions taken from his inmate

---

[1] Defendants' response cites the legal standard for injunctive relief in the State of Nevada; however, this action involves federal claims brought in federal court; therefore, the federal legal standard applies to Plaintiff's motion.

account. However, Plaintiff was not told what he was being charged for, and he was being charged for medical treatment he did not receive. He claims these defendants continued to permit money to be taken from his account without providing him a meaningful opportunity to know the reasons the money was being taken and to be heard on the issues. Plaintiff was also allowed to proceed with an Eighth Amendment excessive fines claim against Crawford and Nevens based on allegations that Plaintiff was having money taken from his account ($17,000) as punishment for the assault and not to compensate for the amount of loss resulting from the assault. (ECF No. 3.)

In this motion, Plaintiff states that he was housed at Lovelock Correctional Center (LCC). On April 24, 2022, he was told to pack his things because he was being transferred. Plaintiff's property at LCC included five legal boxes. However, Plaintiff was told that Administrative Regulation (AR) 711 only allows one personal box and three legal boxes to transfer with the inmate. Plaintiff was forced to leave two of his five legal boxes at LCC. He has requested to have the two legal boxes sent to him at Southern Desert Correctional Center (SDCC) to no avail. Plaintiff has five active cases, and he argues the lack of access to the two legal boxes is impeding his ability to litigate these cases.

In seeking injunctive relief, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 635 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Id.* "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally." *Id.* (quoting *De*

*Beers Consl. Mines v. United States*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

Here, Plaintiff is proceeding with claims for due process and excessive fines related to money that was taken out of his inmate account. His requested injunctive relief, on the other hand, relates to his legal property boxes and his access to the courts. The relief sought by way of this motion would not be of the same character as the relief that may be granted finally in this case with respect to his due process and excessive fines cases. Therefore, the court lacks authority to grant the requested relief in this action. Plaintiff's remedy is to address this issue through the prison's grievance system (which he indicates he is doing so), and if unresolved, he may file a new action alleging denial of access to the courts.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for injunctive relief (ECF Nos. 23/24).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: July 1, 2022

_____
Craig S. Denney
United States Magistrate Judge